IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JAMES A. POWERS,
   *Plaintiff*,

v.

JEFF BRAUN, *et al.*,
   *Defendants*.

Civil Action No. ELH-13-01622

**MEMORANDUM OPINION**

In June 2013, James Powers, an attorney licensed in Maryland, Virginia, and New York, filed suit for himself against defendants Jeff Braun and Nathan Fink, alleging breach of contract against Braun and tortious interference and unfair competition against Fink. *See* Complaint, ECF 1. Fink moved to dismiss the suit ("Fink MTD," ECF 4), claiming lack of personal jurisdiction, lack of subject matter jurisdiction, and failure to state a claim.[1] Soon after, Braun moved to dismiss the suit for the reasons cited by Fink ("Braun MTD," ECF 5). In addition, Braun filed a Motion to Seal the Complaint because it "contains potentially attorney-client privileged and confidential information that Powers obtained by virtue of his attorney-client relationship with Braun." ECF 6 at 1.[2]

While the motions were pending, plaintiff moved to voluntarily dismiss the case, without prejudice, explaining that he intended to pursue the case in a New York state trial court. ECF 17.

---

[1] Plaintiff did not respond to the Fink MTD within the time provided by the Federal Rules. Accordingly, on August 9, 2013, Fink filed a motion to treat the Fink MTD as conceded. ECF 8. However, that same day, plaintiff filed a Consolidated Response to defendants' motions. *See* ECF 9.

[2] The Clerk temporarily sealed the Complaint when Braun filed his Motion to Seal, pending disposition of the Motion. *See* Local Rule 105.11.

Fink and Braun each filed responses to the Powers Motion. *See* ECF 18, 19. Fink does not oppose the Powers Motion but, citing Fed. R. Civ. P. 11; 28 U.S.C. § 1927; and the "inherent authority" of the Court, he has requested an award of "reasonable attorneys' fees incurred to defend this unfounded action." ECF 18 at 3. Similarly, Braun has not opposed the Powers Motion, and has also requested attorneys' fees, pursuant to 28 U.S.C. § 1927. ECF 19 at 1–2.

Because the Powers Motion is unopposed, I will grant it. For the reasons discussed below, I will deny, without prejudice, the Motion to Seal, but will direct the Clerk to maintain the Seal pending further instructions from the Court. And, I will deny the requests for sanctions.

*Motion to Seal*

The common law "presumes the right of the public to inspect and copy all judicial records and documents." *Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004), *cert. denied*, 544 U.S. 949 (2005); *see also Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580 n.17 (1980) ("[H]istorically both civil and criminal trials have been presumptively open."). However, the common law right of access can be abrogated in "unusual circumstances," where "countervailing interests heavily outweigh the public interests in access." *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988); *accord Minter v. Wells Fargo Bank, N.A.*, 258 F.R.D. 118, 121 (D. Md. 2009).

Local Rule 105.11 requires a party seeking to seal documents to provide the court with "reasons supported by specific factual representations to justify the sealing" and "an explanation why alternatives to sealing would not provide sufficient protection." In my view, the Motion to Seal does not comply with the requirements of Local Rule 105.11. As grounds for sealing, Braun's motion asserts only that the Complaint "contains potentially attorney-client privileged

and confidential information that Powers obtained by virtue of this attorney-client relationship with Braun." ECF 6 at 1. However, Braun has not identified which allegations in the Complaint contain confidential information, nor has he explained why his interests in confidentiality would not be protected by less drastic alternatives, such as a redacted version of the Complaint.

Accordingly, I will deny the Motion to Seal, without prejudice to a renewed motion that complies with Local Rule 105.11, to be filed within 14 days of the docketing of this Order. If the renewed motion requests redactions of alleged confidential information in the Complaint, Braun shall also submit a proposed redacted version of the Complaint. In the interim, I will direct the Clerk not to unseal the Complaint (ECF 1), pending further instructions from the Court.

*Sanctions*

Fed. R. Civ. P. 11 and 28 U.S.C. § 1927 authorize a district court to impose sanctions. Rule 11 permits imposition of sanctions if, *inter alia*, a party presents a pleading to the Court "for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1); *see id.* 11(c). Section 1927 permits imposition of sanctions if an attorney "multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. District courts also have inherent authority to issue sanctions, including the assessment of attorneys' fees. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991).

Sanctions are not appropriate under Fed. R. Civ. P. 11 because defendants have not complied with the procedural requirements of the Rule. Pursuant to Rule 11(c)(2), a motion for sanctions must be served upon the opposing party, "but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." In other words,

Rule 11's "safe harbor" provision requires the party seeking sanctions to provide his adversary with notice and an opportunity to withdraw the offensive pleading prior to filing a motion for sanctions with the Court. *See Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 388–89 (4th Cir. 2004). If this requirement is not satisfied, "the district court lacks authority to impose the requested sanctions." *Id.* at 389. There is no indication that defendants complied with the Rule by serving their motions for sanctions on plaintiff before submitting them to the Court.

Nor will I impose sanctions under 28 U.S.C. § 1927, because its substantive requirements have not been satisfied. "The unambiguous text of § 1927 aims only at attorneys who *multiply* proceedings." *DeBauche v. Trani*, 191 F.3d 499, 511 (4th Cir. 1999) (emphasis in original). It does not relate to the merits of a claim or the equities of a dispute, but rather it is "concerned only with limiting the abuse of court processes." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 762 (1980). Plaintiff's only filings in this case were his Complaint, ECF 1; his responses to defendants' motions, ECF 9, 22; and his motion to dismiss, ECF 17. Accordingly, he has not vexatiously multiplied proceedings or abused court processes.

Finally, as to the Court's inherent authority to impose sanctions, such authority "ought to be exercised with great caution, in circumstances such as those involving the very temple of justice being defiled." *Sanford v. Commonwealth of Virginia*, 689 F. Supp. 2d 802, 805 (E.D. Va. 2010). In my view, plaintiff's jurisdictional arguments may lack merit, but that issue was not resolved; he did not commit fraud upon the Court, *see Universal Oil Products Co. v. Root Ref. Co.*, 328 U.S. 575, 580; he has not "[defiled] the very temple of justice," *id.*; and he has not

"delay[ed] or disrupt[ed] the litigation or . . . hamper[ed] enforcement of a court order." *Hutto v. Finney*, 437 U.S. 678, 690 n.14 (1978).

**Conclusion**

For the foregoing reasons, I will grant the Powers Motion; I will deny, without prejudice, defendant's Motion to Seal; and I will deny the defendants' requests for sanctions.

A separate Order follows.


Date: October 21, 2013          _____/s/_____
                                Ellen L. Hollander
                                United States District Judge