IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JAMES A. POWERS,
   *Plaintiff*,

v.

JEFF BRAUN, *et al.*,
   *Defendants*.

Civil Action No. ELH-13-01622

**MEMORANDUM OPINION**

In June 2013, James Powers, an attorney licensed in Maryland, Virginia, and New York, filed suit for himself against defendants Jeff Braun and Nathan Fink, alleging breach of contract against Braun and tortious interference and unfair competition against Fink. *See* Complaint, ECF 1.[1] Fink and Braun each moved to dismiss the suit (ECF 4, 5), claiming lack of personal jurisdiction, lack of subject matter jurisdiction, and failure to state a claim. In addition, Braun filed a motion to seal the Complaint, claiming it "contains potentially attorney-client privileged and confidential information that Powers obtained by virtue of his attorney-client relationship with Braun." ECF 6 at 1.[2] Powers addressed both motions to dismiss in a consolidated Opposition (ECF 9), supported, *inter alia*, by the Declaration of James A. Powers (ECF 9-1), the Declaration of Thomas Gallo (ECF 9-2), and the Declaration of Jeffrey L. Goodman, Esq. (ECF 9-3).

---

[1] Subject matter jurisdiction was premised on diversity grounds.

[2] The Clerk temporarily sealed the Complaint when Braun filed his Motion to Seal, pending disposition of the Motion. It has remained under seal, pending final resolution of the issue. *See* Local Rule 105.11.

While the motions were pending, plaintiff moved to voluntarily dismiss the case, without prejudice, explaining that he intended to pursue the case in a New York state trial court. ECF 17. On October 21, 2013, I granted plaintiff's motion to dismiss, denied as moot defendants' motions to dismiss, and denied Braun's motion to seal, without prejudice. ECF 24. With regard to the motion to seal, I explained that "Braun has not identified which allegations in the Complaint contain confidential information, nor has he explained why his interests in confidentiality would not be protected by less drastic alternatives, such as a redacted version of the Complaint." ECF 23.

On November 4, 2013, Braun filed a Motion to Seal or, in the Alternative, to Redact Documents ("Motion," ECF 25), along with a Memorandum in Support ("Memo," ECF 25-1). In the Motion, Braun seeks to seal four documents pursuant to the attorney-client and accountant-client privileges: the Complaint (ECF 1), the Powers Declaration, the Gallo Declaration, and the Goodman Declaration. In the alternative, Braun has submitted proposed redacted versions of all four documents. ECF 25-2–5. On November 12, 2013, I ordered Braun to submit supplemental briefing addressing whether Maryland's accountant-client privilege, Md. Code (2013 Repl. Vol., 2013 Supp.), § 9-110 of the Courts and Judicial Proceedings Article, applies in connection with a lawsuit filed in federal court. ECF 26. Braun responded with a Supplemental Memorandum on November 11, 2013, arguing that the privilege applies. ECF 27. Powers did not respond to the Motion or to the Supplemental Memorandum.

## Discussion

Braun's Motion relies on both the attorney-client privilege and the accountant-client privilege. In his Memo, Braun explains, Memo at 1–2 (citations omitted):

> In his Complaint, Powers disclosed privileged and confidential information that [Powers] was privy to only because of his attorney-client relationship with Braun. In addition, . . . [Braun] disclosed privileged and confidential information regarding communications between Braun and other attorneys representing Bryan, as well as communications between Powers and Braun's other attorneys, including conversations regarding Braun's strategy in pending litigation. He further disclosed information regarding private investigations he undertook in his capacity as Braun's attorney. Finally, he disclosed privileged and confidential information regarding conversations between Braun and Braun's accountants, as well as communications between Powers and Braun's accountants, which Powers received in his capacity as Braun's attorney.

As an initial matter, I will deny the Motion to the extent it seeks to seal entirely all of the documents to which it refers. Local Rule 105.11 requires the party seeking to seal documents to provide "an explanation why alternatives to sealing would not provide sufficient protection." In my view, Braun has not provided a compelling explanation as to why the redactions he proposes will not offer sufficient protection. Accordingly, I will not seal the documents in full. Instead, I will consider the redactions that Braun has proposed.

The common law "presumes the right of the public to inspect and copy all judicial records and documents." *Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004), *cert. denied*, 544 U.S. 949 (2005); *see also Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580 n.17 (1980) ("[H]istorically both civil and criminal trials have been presumptively open."). However, the common law right of access can be abrogated in "unusual circumstances," where "countervailing interests heavily outweigh the public interests in access." *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988); *accord Minter v. Wells Fargo Bank, N.A.*, 258 F.R.D. 118, 121 (D. Md. 2009).

Courts generally accept a claim of privilege as capable of overriding the presumption of public access and thereby justifying redaction of documents. *See, e.g.*, *Siedle v. Putnam Invs.*,

147 F.3d 7 (1st Cir. 1998); *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1073 (3d Cir. 1984); *Hanson v. Wells Fargo Home Mortgage, Inc.*, Civ. No. 13-0939, 2013 WL 5674997 at *3 (W.D. Wash. Oct. 17, 2013); *Travelers Prop. Cas. Co. of Am. v. Centex Homes,* Civ. No. 11–3638, 2013 WL 707918, at *2 (N.D. Cal. Feb. 26, 2013); *Armstrong v. Kennedy Krieger Inst., Inc.*, Civ. No. 11-3380, 2012 WL 1554643 (D. Md. Apr. 30, 2012). Thus, the question before the Court is whether the information Braun seeks to redact falls within the privileges he identifies.

*Attorney-Client Privilege*

In *Hawkins v. Stables*, 148 F.3d 379, 383 (4th Cir. 1998) (quoting *United States v. Jones*, 696 F.2d 1069, 1072 (4th Cir. 1982)), the Fourth Circuit outlined the following test for determining whether the attorney-client privilege applies:

> The privilege applies only if (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

Moreover, "[t]he burden is on the proponent of the attorney-client privilege to demonstrate its applicability." *Jones*, 696 F.2d at 1072.

In my view, the majority of information Braun seeks to redact is protected by the attorney-client privilege. However, I find that the following allegations and declarations do not reveal confidential communications between Braun and his attorneys, and therefore are not protected by the attorney-client privilege: Paragraphs 28 and 33 of the Complaint, which do not disclose the content of any communications; and the first three sentences of Paragraph 15 of the

Goodman Declaration, which describe testimony given in open court and the judge's reaction thereto.

*Accountant-Client Privilege*

Although the accountant-client privilege is not recognized under federal law, this Court "looks to Maryland law to determine the applicability and scope of the accountant-client privilege" when sitting in diversity. *Vellone v. First Union Brokerage Servs., Inc.*, 203 F.R.D. 231, 232 (D. Md. 2001). Under Maryland law, the accountant-client privilege protects, *inter alia*, any information the accountant, in rendering professional service, derives from a client or the material of a client. *See* Md. Code (2013 Repl. Vol., 2013 Supp.), § 9-110 of the Courts and Judicial Proceedings Article.

Here, Braun seeks to redact information in the Complaint and the Gallo Declaration, much of which is protected by the accountant-client privilege. However, I find that the following allegations and declarations do not contain information derived from a client or from a client's material, and therefore are not protected by the accountant-client privilege: Paragraph 18 of the Complaint, which concerns a communication by Fink rather than Braun; Paragraph 19 of the Complaint, which simply describes Mr. Powers' mental state; and Paragraph 8 of the Gallo Declaration, which concerns a communication unrelated to the provision of accounting services.

**Conclusion**

For the foregoing reasons, I will grant the Motion, in part, and deny it, in part. Specifically, I will deny the Motion as to its request to seal and as to its request to redact the paragraphs I have identified as not protected by either the attorney-client or accountant-client

privilege. I will grant the Motion as set forth in the attached redacted versions of the relevant documents. An Order consistent with this Memorandum follows.


Date: December 16, 2013   /s/
                          Ellen L. Hollander
                          United States District Judge